**The OHIO RIVER COMPANY, Appellee,**

**Federal Barge Lines, Inc., and
Agri-Trans Corporation,**

v.

**GREAT LAKES CARBON CORPORATION, Appellant,**

v.

**EAGLE MARINE INDUSTRIES,
INC., Appellee.**

No. 83–1558.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 12, 1983.

Decided Aug. 19, 1983.

---

James W. Herron, Francis E. Pennington, III, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellant.

Joseph M. Kortenhof, Kortenhof & Ely, St. Louis, Mo., for appellee Eagle Marine Industries, Inc.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Great Lakes Carbon Corporation appeals from that portion of the district court's order, 562 F.Supp. 61, requiring it to pay the full amount of attorneys' fees expended by the Ohio River Company in defending and prevailing against the claims of other barge owners for damages sustained when their barges were struck by its runaway barges. Great Lakes Carbon acknowledges its liability for fifty percent of the fees but argues that Eagle Marine Industries, Inc., who was also found negligent in this action, is liable for the other fifty percent. Agree-ing with Great Lakes Carbon's position, we reverse and remand to the district court for entry of a supplemental judgment allocating responsibility for Ohio River's attorneys' fees equally between Great Lakes Carbon and Eagle Marine.

Ohio River Company commenced this action against Great Lakes Carbon after suffering damage to two of its barges that broke away from their mooring at Great Lakes Carbon's unloading dock and mooring facility. Great Lakes Carbon impleaded Eagle Marine, claiming that Eagle Marine was negligent in not adequately securing the barges at Great Lakes Carbon's facility. Federal Barge Lines, Inc. and Agri-Trans Corporation intervened claiming liability on behalf of Ohio River, Great Lakes Carbon, and Eagle Marine for damages they suffered when their barges were struck by Ohio River's runaway barges.

The district court found Great Lakes Carbon and Eagle Marine equally responsible for the damages sustained by the barges of Ohio River, Federal Barge Lines, and Agri-Trans, Great Lakes Carbon in its failure to exercise reasonable supervisory care as bailee of the barges and Eagle Marine in its failure properly to secure the barges to the mooring facility. The court concluded, however, that because of the existence of an indemnification agreement between Great Lakes Carbon and Ohio River Company, Great Lakes Carbon was solely responsible for the attorneys' fees expended by Ohio River in defending against the claims of Federal Barge Lines and Agri-Trans. We disagree.

■ Attorneys' fees expended in defending a suit are compensable under maritime law. *See E.I. DuPont De Nemours & Co. v. Riverway Harbor Service St. Louis, Inc.,* 639 F.2d 404, 407 (8th Cir.1981). The responsibility for payment of another's attorneys' fees is controlled by this court's decision in *Pasco Marketing, Inc. v. Taylor Towing Service, Inc.,* 554 F.2d 808 (8th Cir. 1977).

In *Pasco,* Pasco Marketing, Inc. brought suit against Security Barge Line, Inc. and Taylor Towing Service, Inc. for damages to

its dock caused by Security's runaway barge. Judgment was awarded for Pasco and against Security with Security's claim for indemnity from Taylor Towing being denied. On appeal, we held that the district court erred in denying Security's claim for indemnity because Taylor Towing failed to rebut the presumption of negligence that arises with respect to the mooring vessel (Taylor) when an unmanned barge it delivers drifts within a short time thereafter. *Id.* at 811–12. Security was entitled to indemnity from Taylor for the amount of judgment against it and for costs and attorneys' fees expended in defending the action. *Id.* at 812.

■ Ohio River Company's predicament parallels that of Security's in *Pasco* because it was forced to defend against claims caused by its runaway barges for which it was ultimately found not liable. As in *Pasco,* Ohio River is entitled to reimbursement from the negligent parties, Great Lakes Carbon and Eagle Marine, for the expenses it incurred in defending the actions brought against it by Federal Barge Lines and Agri-Trans. The district court found Great Lakes Carbon and Eagle Marine equally responsible for the damages sustained by Federal Barge Lines and Agri-Trans, thus the attorneys' fees incurred by Ohio River in defending against those claims must also be assessed equally against the negligent parties.

We reverse the judgment of the district court in part and remand for entry of a supplemental judgment consistent with this opinion.